UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HUNTER PAUL CAVALIER,                         CIVIL ACTION NO. 02-0695
by his parents KEVIN PAUL CAVALIER
and JULIE ANN CAVALIER, pro se

VERSUS                                       JUDGE JAMES
                                                   MAGISTRATE JUDGE HAYES

CADDO PARISH SCHOOL BOARD, ET AL

## RULING AND ORDER[1]

Before the court is a motion in limine filed by the defendants, seeking to limit the evidence to be presented at the trial of this matter (Document No. 84). For reasons stated below, the motion is GRANTED in Part, DENIED in Part, and DEFERRED TO TRIAL in Part.

Defendants first seek to prohibit the plaintiffs from introducing evidence of the Caddo Parish School Board's policy for admission to its six elementary magnet schools on the basis of relevance. The undersigned agrees. This suit is not a class action; there is no basis for injunctive relief remaining following the School Board's adoption of a race neutral policy for admission to the Caddo Middle Magnet School; and the minor plaintiff is no longer eligible for admission to middle school because of his age. As was pointed out by the Fifth Circuit in its ruling on this case, the only reason this matter is not moot is because of the Cavaliers claim for compensatory damages against the School Board. In so ruling, the Fifth Circuit stated as follows:

---

[1]As this is not one of the motions excepted in 28 U.S.C. §636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

> On July 29, 2004, some two months subsequent to oral argument herein, the School Board filed with this court a motion to dismiss the appeal as moot. The School Board attached to its motion an affidavit from its counsel in which she stated that: on May 19, 2004, she mailed a letter to the Cavaliers advising them that there were openings for the eighth grade at CMMS for the 2004-2005 school year; if Hunter met the general requirements for admission, he would be admitted to the eighth grade at CMMS upon the submission of an application, included with the letter to the Cavaliers; and no further testing would be needed for admission. The School Board claims that this offer of admission to Hunter renders the appeal moot.
>
> We disagree. In their complaint, the Cavaliers sought, among other things, compensatory damages. In their opposition to the School Board's motion to dismiss the appeal, the Cavaliers have alleged damages due to the School Board's policy. The Cavaliers brought their suit in 2002 after Hunter was denied admission to CMMS for the 2002-2003 school year, his sixth grade year. The Cavaliers allege that because of the denial of Hunter's admission to CMMS, in order to provide the best alternative to CMMS, they enrolled him in a private school for two years, his sixth and seventh grade years, at a cost that was presumably higher than what they would have had to pay if Hunter had attended CMMS. The private school was also allegedly further from their residence than CMMS, resulting in additional transportation costs. The Cavaliers have sought, among other things, compensatory damages and have alleged damages due to the School Board's policy. Past damages that are in no way addressed by the offer of admission to Hunter for his eighth grade year. We accordingly deny the motion to dismiss the appeal as moot.
>
> *Cavalier ex rel. Cavalier v. Caddo Parish School Bd.,* 403 F.3d 246, 249, n. 6 (5th Cir. 2005)

The policies for admission to schools not at issue in this lawsuit are irrelevant, and the motion is therefore **GRANTED** as to those policies.

Defendants also seek to exclude evidence of punitive damages, arguing that the plaintiffs did not plead entitlement to them or mention them at all until their third draft of a proposed pretrial order dated August 24, 2005. Defendants further note that the plaintiffs claims for compensatory damages against the individual defendants have already been dismissed on the basis of qualified immunity, and that punitive damages are not available as a matter of law

2

against the Board.  *See, City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981); *In Re Sel Craig,* 705 F.2d 789 (5th Cir. 1983); *Davis v. West Community Hospital*, 755 F.2d 455, 467 (5th Cir. 1985).

A review of the record in this matter shows that the defendants are correct on both points. Plaintiffs did not plead punitive damages in a timely fashion, and even assuming that there were any defendant left in this suit against whom punitive damages could be assessed, it would be highly prejudicial to allow the plaintiffs to seek punitive damages at this juncture.  In addition, the compensatory damage claims against the individual defendants were dismissed on the basis of qualified immunity, and the plaintiffs did not appeal that dismissal; in the absence of a damages claim against the individual defendants, no punitive damages could be awarded against them.  Finally, no punitive damages are available against the School Board as a matter of law. Therefore, the motion in limine on the issue of punitive damages is hereby **GRANTED**.

Defendants next argue that the plaintiffs should be prohibited from presenting the testimony of Ed Hearron, a potential witness herein.  Plaintiffs claim that Hearron will testify regarding the educational opportunities available at the other middle schools in Caddo Parish, and will testify that he did not offer, and had no authority to offer, Hunter Cavalier enrollment at Keithville Elementary Middle School.  This evidence may be relevant to the issues of damages or mitigation of damages.  The defendants' motion to exclude the testimony of Ed Hearron is therefore **DENIED**.

Lastly, the Defendants seek to exclude copies of U.S. Census Bureau data on the bases of hearsay and relevance.  Plaintiffs argue that the exhibits fall under the public records exception to the hearsay rule and that they are relevant to the issue of damages.  The undersigned cannot rule on the admissibility of the challenged exhibits on these bases outside the context of trial.

Therefore, a ruling on the admissibility of these exhibits is **DEFERRED TO TRIAL**.

Monroe, Louisiana, this 13th day of September, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE